**2017 UT App 88**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF K.G. AND S.M.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

K.M.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20170163-CA
Filed May 25, 2017

Second District Juvenile Court, Ogden Department
The Honorable Sharon S. Sipes
No. 1119574

Jennifer A. Clark, Attorney for Appellant

Sean D. Reyes, Carol L.C. Verdoia, and John M.
Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and DAVID
N. MORTENSEN.

PER CURIAM:

¶1    K.M. (Mother) appeals the juvenile court's order terminating her parental rights. We affirm.

¶2    "[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights,] the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal

quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court a "wide latitude of discretion as to the judgments arrived at based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' special training, experience and interest in this field." *Id.* (citations and internal quotation marks omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3　　Mother argues that there was insufficient evidence to demonstrate grounds supporting termination of her parental rights. The juvenile court based its termination decision on several grounds, including unfitness. *See* Utah Code Ann. § 78A-6-507(1)(c) (LexisNexis 2012). The evidence in the record supports the juvenile court's findings and its determination that Mother was unfit to care for her children, primarily due to her habitual use of a controlled substance.[1] Despite the fact that the children were initially removed from Mother's custody due to Mother's issues with drugs, Mother did very little to remedy these issues during the course of the proceedings. Mother admitted using methamphetamine throughout the entire course

---

1. Pursuant to Utah Code section 78A-6-507, the finding of any single ground for termination is sufficient to warrant termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1) (LexisNexis 2012); *In re F.C. III*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights). As a result, if there is sufficient evidence to support any of the grounds for termination found by the juvenile court, the termination of Mother's rights was appropriate.

of the child welfare proceeding. She also admitted that nearly every person around her uses drugs. Further, Mother failed to comply with the service plan's requirement to submit herself for random drug testing. Mother either missed or did not produce a sample for 60 of 64 scheduled tests. Of the four tests for which she did provide a sample, Mother tested positive for drugs twice. The juvenile court went on to find that Mother lacked insight into the problems caused by her drug use. She believed that her drug use did not interfere with her ability to parent the children despite admitting that she was unable to care for the children "when she is coming down" from the drugs or when she uses too much. Due to this lack of insight Mother did not participate in any meaningful drug treatment. Mother's drug use made it impossible for her to properly care for her children. Thus, the evidence supports the juvenile court's determination that Mother was unfit.

¶4    Mother next argues that it was not in the best interests of the children to terminate her parental rights. The juvenile court's findings demonstrate that Mother was not in a position to provide for the children's needs or to provide the stability they needed. In addition to Mother's ongoing issues with drug use, Mother never obtained stable employment or housing. Further, she was incarcerated at times during the course of the child welfare proceeding. Conversely, the children were in a kinship placement in which the foster parents met the children's physical and emotional needs and provided the children with the stability they needed. The children have integrated into the foster family, and the foster parents wish to adopt them. Accordingly, evidence in the record supports the juvenile court's determination that it was in the best interests of the children to terminate Mother's parental rights.

¶5    Affirmed.

————